### HUBBARD v. HUBBARD. (No. 1226.)

(Court of Civil Appeals of Texas. El Paso. June 14, 1921.)

Divorce ⬅⬆287—Reversal of decree for plaintiff held to render moot defendant's appeal from interlocutory order of sale.

The reversal of a decree of divorce for plaintiff, with no motion for new trial, rendered ineffective an order for the sale of property for division, so that the question presented by defendant's appeal from an order dissolving an injunction staying such sale was moot, and the appeal will be dismissed.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by Parilee Hubbard against J. M. Hubbard for divorce. Decree for. plaintiff. From an order dissolving an injunction staying sale of property for division, defendant appeals. Appeal dismissed.

See, also, 231 S. W. 160.

Shepherd & Kelly, of Eastland, for appellant.

Turner & Seaberry, of Eastland, for appellee.

WALTHALL, J. This case presents an appeal by J. M. Hubbard from an order of the district court dissolving a temporary writ of injunction, in a suit by Parilee Hubbard against her husband, J. M. Hubbard, for divorce and partition of certain properties described.

The trial court granted the decree for divorce, and, having found that some of the property (real estate) could not be equitably partitioned, ordered the property sold and the proceeds divided as directed. J. M. Hubbard perfected an appeal in the divorce proceeding and sought to have the sale and portion of the property restrained pending appeal. The trial court granted a temporary writ of injunction as prayed for, but on motion dissolved same, and this appeal is prosecuted from that order. On appeal this court set aside the decree for divorce and reversed and remanded the case. No motion for a new trial in the divorce proceeding having been filed in this court within the time required, the order of sale and partition of the property is without a judgment, and the question presented by this appeal has become a moot question.

It is ordered that the appeal be dismissed, at appellant's cost.